UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

In re: **Paul Elton StClair**
**Casey Nicole StClair**

Chapter 13

Case No. 23-70849

Debtor(s).

## CERTIFICATION OF MAILING AND/OR SERVICE OF CHAPTER 13 PLAN

I certify that a true and correct copy of the chapter 13 plan or the amended chapter 13 plan and amended plan cover sheet, filed electronically with the Court on **December 20, 2023**, has been mailed by first class mail postage prepaid to all creditors, equity security holders, and other parties in interest, including the United States Trustee, on **December 20, 2023**.

If the plan contains (i) a request under section 522(f) to avoid a lien or other transfer of property exempt under the Code or (ii) a request to determine the amount of a secured claim, the plan must be served on the affected creditors in the manner provided by Rule 7004 for service of a summons and complaint. I certify that a true and correct copy of the chapter 13 plan has been served on the following parties pursuant to Rule 7004:

| Name | Address | Method of Service |
|---|---|---|
|  |  |  |

/s/ Bryan James Palmer
Bryan James Palmer
Counsel for Debtor(s)

13CertMailServ (12/17)

Fill in this information to identify your case:

Debtor 1: **Paul Elton StClair**
First Name    Middle Name    Last Name

Debtor 2 (Spouse, if filing): **Casey Nicole StClair**
First Name    Middle Name    Last Name

United States Bankruptcy Court for the: **WESTERN DISTRICT OF VIRGINIA**

Case number: 23-70849
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1   Debtor(s) will make regular payments to the trustee as follows:**

**$4,165.00** per **Month** for **28** months
**$4,300.00** per **Month** for **32** months (after lease for shed is paid)

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2   Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☑ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Paul Elton StClair** | Case number |
|---|---|---|
| | **Casey Nicole StClair** | |

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
   *Check one.*
   ☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

2.5   The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**254,220.00**.

## Part 3: Treatment of Secured Claims

3.1   **Maintenance of payments and cure of default, if any.**

   *Check one.*
   ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
   ☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| PennyMac Loan Services, LLC | 387 Sunflower Dr Vinton, VA 24179 Roanoke County Tax Assessment $344,700.00 Zillow $434,100.00 | $1,528.94 Disbursed by: ☑ Trustee ☐ Debtor(s) | Prepetition: $7,800.00 | 0.00% | $288.89 | $99,536.40 |

*Insert additional claims as needed.*

3.2   **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

   ☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3   **Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*
   ☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
   ☑ The claims listed below were either:

   (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

   (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

Debtor    **Paul Elton StClair**    Case number
         **Casey Nicole StClair**

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Santander Consumer USA, Inc | 2023 Volkswagen Tiguan 6000 miles | $31,221.00 | 6.00% | $686.26 Disbursed by: ☑ Trustee ☐ Debtor(s) | $32,940.25 |
| Toyota Financial Services | 2020 Toyota Tundra 25,000 miles | $35,920.00 | 6.00% | $774.25 Disbursed by: ☑ Trustee ☐ Debtor(s) | $37,163.85 |
| Volkswagen Credit, Inc | 2021 Volkswagen Jetta 15,200 miles contract rate is 5% | $28,114.00 | 5.00% | $599.00 Disbursed by: ☑ Trustee ☐ Debtor(s) | $28,751.82 |

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5    Surrender of collateral.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### Part 4:    Treatment of Fees and Priority Claims

**4.1    General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be ***10.00***% of plan payments; and during the plan term, they are estimated to total $***25,422.00***.

**4.3    Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $***4,019.00***.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The debtor(s) estimate the total amount of other priority claims to be ***$5,816.82***

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

Official Form 113    Chapter 13 Plan    Page 3

| Debtor | **Paul Elton StClair** | Case number |
|---|---|---|
| | **Casey Nicole StClair** | |

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $ .

☑ **100 % plus interest at 1.5% for debts of male debtor and joint debts; 50% for debts of female debtor** % of the total amount of these claims, an estimated payment of $ **4156.00 for debts of male debtor and joint debts; $4251.00 for debts of female debtor** .

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately
$ **147,114.13 for debts of male debtor and joint debts; 0% for debts of female debtor** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*
☑ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows

| Name of Creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| AT&T DirecTV | | $500.00 | 1.50% | $535.88 |
| Capital One | Credit Card | $995.00 | 1.50% | $1,066.38 |
| Credence Resource Management, LLC | Collection Attorney Dish Network L.L.C. | $398.00 | 1.50% | $426.57 |
| Midland Funding/Midland Credit Mgmt | Factoring Company Account Credit One Bank N.A. | $482.00 | 1.50% | $516.58 |
| Portfolio Recovery Associates, LLC | Factoring Company Account Citibank N.A. | $2,860.00 | 1.50% | $3,065.17 |
| Quest Diagnostics | Medical Expenses | $700.00 | 1.50% | $750.23 |
| Wf Bank Na | Charge Account | $2,707.00 | 1.50% | $2,901.19 |

*Insert additional claims as needed.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

Debtor  **Paul Elton StClair**   Case number
**Casey Nicole StClair**

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|---|---|---|---|---|---|
| Scotts RTO | outdoor building | $227.70<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 | | $0.00 |

*Insert additional contracts or leases as needed.*

### Part 7:   Vesting of Property of the Estate

**7.1**  Property of the estate will vest in the debtor(s) upon
*Check the appliable box:*
☑  plan confirmation.
☐  entry of discharge.
☐  other: _____

### Part 8:   Nonstandard Plan Provisions

**8.1**  Check "None" or List Nonstandard Plan Provisions
☐  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

**A. ATTORNEYS FEES**
Attorneys fees shall be paid ahead of all other claims except adequate protection payments, conduit mortgage payments, or any allowed claims arising under 11 USC sec. 507(a)(1)

**B. MORTGAGE PAYMENTS**
The Trustee will pay all post-petition mortgage payments for the real estate through the plan. The first post-petition mortgage payment through the plan will begin with the January 2024 payment, which is the third mortgage payment due after the filing of the petition. The number of regular post-petition payments paid by the Trustee shall be equivalent to the number of months from the first post-petition payment due under the plan to the month after the last monthly payment under the plan is made, which is approximately 62 months, unless the plan pays off early. This does not include the first two mortgage payments due after filing of the petition which shall be paid by the Trustee as post-petition arrears, including late fees, in the approximate amount of $3,100.00. Disbursement of ongoing post-petition mortgage payments from the Chapter 13 Trustee may not begin until a proof of claim from the mortgage holder is filed. At the completion of the term of the plan, it is predicted that the Debtor shall resume monthly mortgage payments directly pursuant to the terms of the mortgage contract

**C. ADEQUATE PROTECTION:**
Payments shall begin on all secured debts in the amounts below upon the filing of a claim.
Creditor: Santander Consumer USA: 2023 Volkswagen Tiguan car payment: $300.00
Creditor: Volkswagen Credit: 2021 Volkswagen Jetta: $200.00
Creditor: Toyota Financial Services: 2020 Toyota Tundra: $400.00
These above referenced secured creditors shall receive these adequate protection payments until the legal fees are paid in full.  After the legal fees are paid, the Trustee is authorized to accelerate payment to all secured creditors.


**D. TREATMENT AND PAYMENT OF CLAIMS**
1. All creditors must timely file a proof of claim to receive payment from the Trustee.
2. If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
3. If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
4. The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.
5. The Trustee may pay any personal property tax claims as secured with 10% statutory interest, or as priority depending on how the claim is filed

| Debtor | **Paul Elton StClair** | Case number | |
|---|---|---|---|
| | **Casey Nicole StClair** | | |

### Part 9: Signature(s):

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X    **/s/ Paul Elton StClair**                                             X    **/s/ Casey Nicole StClair**
    **Paul Elton StClair**                                                      **Casey Nicole StClair**
    Signature of Debtor 1                                                Signature of Debtor 2

    Executed on    **December 20, 2023**                           Executed on    **December 20, 2023**

X    **/s/ Bryan James Palmer**                                          Date    **December 20, 2023**
    **Bryan James Palmer**
    Signature of Attorney for Debtor(s)

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

| Debtor | **Paul Elton StClair** | Case number | |
| | **Casey Nicole StClair** | | |

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $99,536.40 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $98,855.92 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $35,257.82 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $4,251.76 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $9,262.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | $247,163.90 |